T.C. Summary Opinion 2010-130

UNITED STATES TAX COURT

CHARLES FOWLER JACOBSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13309-09S.           Filed September 7, 2010.

Charles Fowler Jacobson, pro se.

Nathan Hall, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $28,886 deficiency in petitioner's 2006 Federal income tax and an accuracy-related penalty of $5,777 pursuant to section 6662(a). After concessions,[1] the sole issue for decision is whether petitioner is liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Washington State.

In August 2006 petitioner retired from his longtime job as an engineer. In September 2006 petitioner exercised his right to employee stock options, which resulted in a same-day purchase and sale of stock in his former employer's company, Iridex Corp. (Iridex). Petitioner used the gross proceeds from sale to buy a truck and a fifth-wheel trailer for his planned travel across the United States. In the months after his retirement, petitioner visited family in Washington State and ultimately established

---

[1]The parties agree that petitioner received $166,623.45 for the sale of stock which had a basis of $79,956.50, resulting in a short-term capital gain of $86,666.95. The parties also agree that petitioner received $47,217 for the sale of stock which had a basis of $19,184, resulting in a long-term capital gain of $28,033. As a result of this agreement, the deficiency will be less than that determined in the notice of deficiency.

residence there in December 2006. In early 2007 petitioner permanently vacated his California residence, and he began a cross-country trip in early April 2007. Petitioner believed he had all of his financial documents and information returns when he set out on his trip. While traveling in Arizona petitioner used tax preparation software to complete his Form 1040, U.S. Individual Income Tax Return. Petitioner had some information returns in his possession. Petitioner mailed his completed Form 1040 while in Arizona in April 2007.

On his original return petitioner did not report any short-term capital gain transactions and reported a negligible cost basis relating to long-term capital gain transactions. The Internal Revenue Service (IRS) sent petitioner a letter identifying omitted gross proceeds from short-term capital transactions resulting in an increase in tax. Shortly thereafter, petitioner obtained apparently missing information from Iridex and filed an amended return in September 2008. On his amended return petitioner included short-term capital gain transactions and modified long-term capital gain transactions to account for a higher cost basis. As indicated, the parties now agree as to the gross proceeds and bases of the stock transactions.

The record indicates that petitioner made multiple attempts to contact the IRS by telephone after receiving letters from the IRS. In response to the IRS petitioner also submitted amended returns[2] to include omitted items; but because of his travel and the limited availability of the IRS employee assigned to his case, the communication was often delayed. Ultimately, a notice of deficiency was issued and petitioner filed a petition with this Court.

## Discussion

As indicated, the parties have come to an agreement as to the adjustments in the notice of deficiency except for the application of the accuracy-related penalty.

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20 percent of any underpayment of tax that is attributable to negligence or disregard of rules or regulations or to a substantial understatement of income tax.[3] The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); sec.

---

[2]There is one amended return in the record. Petitioner asserts he prepared and submitted multiple amended returns.

[3]Pursuant to the notice of deficiency, it would appear that there is a substantial understatement of income tax. As indicated, the parties have agreed to the basis, gross proceeds from sale, and amount of capital gain. It is not clear whether there remains a substantial understatement after the recalculation of the deficiency. Given our conclusions as to negligence, we need not decide whether the understatement is substantial.

1.6662-3(b)(1), Income Tax Regs.  Negligence is strongly indicated where a taxpayer fails to include on an income tax return an amount of income shown on an information return. Sec. 1.6662-3(b)(1)(i), Income Tax Regs.

Petitioner failed to include the gross proceeds shown on an information return.  Petitioner asserts that he either did not receive the Form 1099[4] or misplaced it during the move and preparation for his trip.  The nonreceipt of a Form 1099 does not convert taxable income into nontaxable income which need not be reported.  Vaughn v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

A cursory review of the return should have revealed the omission of the $166,000 in gross proceeds from a sale of stock. The Schedule D, Capital Gains and Losses, included detailed long-term capital gain information and showed acquisition dates before 2006.  Petitioner knew he had bought and sold Iridex stock on the same day in the year of his retirement, resulting in short-term gain, and yet he made no entries for short-term capital gain. Petitioner was negligent in failing to include the income from his stock sales in 2006.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there

---

[4]The record is unclear as to whether there was more than one Form 1099 issued to petitioner.

was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  Although the Commissioner bears the burden of production under section 7491(c), the taxpayer bears the burden of proving reasonable cause under section 6664(c).  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Respondent has met his burden of production by showing that petitioner did not include the gross proceeds from sale of stock on his 2006 income tax return.

The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance upon expert advice will not exculpate a taxpayer who supplies the return preparer with incomplete or inaccurate information.  Lester Lumber Co. v. Commissioner, 14 T.C. 255, 263 (1950).  Tax preparation software "is only as good as the information one inputs into it."  Bunney v. Commissioner, 114 T.C. 259, 267 (2000).  Reliance on a preparer or software is not reasonable where even a cursory review of the return would reveal inaccurate entries.  See Pratt v. Commissioner, T.C. Memo. 2002-279.

We reject petitioner's claimed reliance on tax preparation software since he input incomplete information into the software. Petitioner's actions after he received letters from the IRS have no bearing on whether he had reasonable cause for the underpayment of tax on the original return.  We therefore conclude that petitioner did not have reasonable cause for and did not act in good faith with respect to the underpayment.

To reflect the foregoing,

Decision will be entered under Rule 155.